## Swedish Evangelical Lutheran Church of Moline, Appellee, v. City of Moline, Appellant.

### Gen. No. 5,700.

1. INJUNCTION—*when bill does not authorize.* A bill filed by a church society to enjoin the city from erecting a canopy extending over a portion of the street used as a public market opposite the church, which does not aver that the church society will be injured in any other manner than other property owners in that locality, does not authorize the intervention of a court of equity.

2. INJUNCTION—*bill to enjoin encroachment upon street.* A private property owner cannot maintain a bill to enjoin an encroachment upon a street merely because it is a violation of the rights of the public since such rights can only be set up by some officer acting in behalf of the public.

Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded with directions. Opinion filed March 12, 1913.

SHALLBERG & HARPER, for appellant; C. E. DIETZ, of counsel.

J. B. & J. L. OAKLEAF, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

This is an appeal from an order denying a motion to dissolve an injunction issued on a bill in chancery filed by appellee against appellant, praying among other things that appellant be restrained, ''from placing, erecting and maintaining any building, shed **or**

structure on any of 13th street next south of Fifth avenue and for a distance of 150 feet therefrom, and from further occupying, closing and encroaching upon said part of said 13th street."

The 13th street mentioned in the bill is in the city of Moline, and runs north and south, and the Fifth avenue therein mentioned crosses and runs east and west and at the southwest corner of said intersection is a lot, 80 feet wide on Fifth avenue and 150 feet long on 13th street, which appellee has owned for more than fifty years, and on which for thirty-six years it has had a large brick building facing north, which is occupied as a church. Across the street east from said church was a building running east and west and fronting west on 13th street, and owned by Deere & Company. In the spring of 1912, appellant obtained a lease of said building for one year, and opened therein a public market. It determined that to make the place sufficiently useful for a public market the west front should be opened and be protected from the sun and weather in the summer time by erecting over the sidewalk and parkway, some seventeen feet above the ground, a canopy or roof. Appellant proceeded to erect such roof or canopy and planned to erect it on posts set at the outer edge of this parkway. Appellant had procured from a railway company a building, the roof of which was proposed to be used to make the roof or canopy over the sidewalk and parkway. A part of it had been erected and the rest was being removed to the place in question, when appellee filed a bill to enjoin the erection of said roof, canopy or shed over said street, and an injunction was granted without notice. Appellant filed an answer and affidavit therewith and moved to dissolve the injunction. That motion was heard and denied, and appellant brings an appeal to this court from the order refusing to dissolve the injunction. It is urged that the city could not appeal without giving an appeal bond, which it did not. We hold under the statute in that behalf a

municipal corporation can appeal in such a case without giving bond. Various reasons are assigned why the injunction should be dissolved. We will pass over all the technical reasons and proceed to consider the reasons which we think go to the merits of the controversy. The bill is not filed by the attorney-general or the state's attorney by or in behalf of public interests. It is filed only by a property owner. The bill does not show by averments of fact that the church society will be injured by the building of this shed in any other manner than will other property owners generally in that locality be injured, therefore, it does not state a case authorizing the intervention of a court of equity.

A private property owner cannot maintain a bill to enjoin an encroachment upon a street merely because it may be a violation of the rights of the public. Those rights can only be set up by some officer acting in behalf of the public. Hamilton v. Semet Solvay Co., 227 Ill. 501, and cases therein cited.

The order denying the motion to dissolve the injunction will therefore be reversed and the cause remanded to the court below with directions to dissolve the injunction.

*Reversed and remanded with directions.*